UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61915 CIV-JORDAN

/ McALILEY

MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY,
    Plaintiff,

v.

SCOTT W. ROTHSTEIN,

    Defendant.
_____/

FILED by ____ D.C.
DEC - 2 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

Plaintiff, Massachusetts Mutual Life Insurance Company ("MassMutual"), sues Defendant, Scott W. Rothstein ("Rothstein"), and alleges:

1. This is an action for rescission of a contract of insurance over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action where the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

2. MassMutual is an insurance company organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Springfield, Massachusetts, and thus is a citizen of the Commonwealth of Massachusetts. MassMutual is authorized to do business in the State of Florida.

3. Rothstein is a citizen of the State of Florida with his residence in Broward County, Florida.

4. On or about January 3, 2008, Rothstein applied to MassMutual for a life insurance policy by completing an application for coverage.

5. In reliance upon the truth and accuracy of the answers provided by Rothstein in the application, in interviews with him and his agents, and other information provided by

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

Rothstein and by others on his behalf, MassMutual approved Rothstein for coverage, and issued life insurance policy number 32111957 (the "Policy") with an issue date on April 24, 2008. A true and correct copy of the Policy is attached hereto as Exhibit "1."

6.  The Policy provides for a death benefit in the amount of $14,829,146.00.

7.  The monthly premium elected for the Policy is $30,000.00.

8.  To date, $570,000.00 in premiums have been paid for the Policy.

9.  On the application and during the application process, Rothstein represented that his annual earned income was $8,000,000.00, derived from his occupation as a trial attorney and running the law firm of Rothstein, Rosenfeldt, Adler, P.A., in Fort Lauderdale Florida, and that his net worth was at least $12,000,000.00.

10. On information and belief, those representations by Rothstein and his agents, including his accountant, were false. Instead of actually working as a trial attorney and earning legitimate income, Rothstein, since at least 2005, was operating a Ponzi scheme out of his law firm to defraud investors of approximately $1.2 billion. Details of this fraud are more specifically alleged in the Amended Complaint filed in *United States of America v. Various Properties Purchased by Or With Or On Behalf of Scott W. Rothstein*, Case No. 09-61780-CIV-ZLOCH/ROSENBAUM, and the Information filed in *United States of America v. Scott W. Rothstein*, 09-60331-CR-COHN. Indeed, the Information describes the Rothstein, Rosenfeldt, Adler law firm as part of a criminal enterprise.

11. Thus, Rothstein had no legitimate income and his net worth appears to consist of the proceeds of an illegal activity.

12. MassMutual has performed or defendant has waived all conditions precedent to the bringing of this action.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

13. This action seeks rescission of the Policy pursuant to §627.409(1), Florida Statutes.

14. Rothstein incorrectly stated facts and/or omitted facts and/or concealed facts and/or made material misrepresentations in response to questions during the application process, in violation of § 627.409(1) Florida Statutes.

15. Rothstein's representations contained within the Application and made during the application process were not accurate, true and/or complete, as, upon information and belief, Rothstein's income and net worth were derived from running an illegal Ponzi scheme defrauding investors, and using his law firm to launder those ill-gotten gains.

16. MassMutual reserves the right to assert additional misrepresentations as they are discovered.

17. Rothstein's omissions and/or concealment of facts and/or incorrect statements and/or misrepresentations contained during the application process were material to the acceptance of the risk by MassMutual, and MassMutual in good faith would either not have issued the policy, would not have issued it at the same premium rate, would not have issued a policy in as large an amount or would not have provided coverage with respect to any loss resulting from this hazard if the true facts had been known to MassMutual.

18. Moreover, if MassMutual had known that the source of Rothstein's alleged income and net worth was derived from illegal activity, to wit, running a Ponzi scheme rather than actually practicing law, it would not have issued the Policy, as to do so would be against public policy.

19. MassMutual's remedy at law is inadequate, and it is entitled to the equitable remedy of rescission of the Policy due to Rothstein's omissions of material fact and/or incorrect statements and/or concealment of facts and/or material misrepresentations.

-3-

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

20. Through the filing of this lawsuit, MassMutual tenders to Rothstein a return of all premiums paid by Rothstein with respect to the Policy. However, upon information and belief, other creditors or the government may have claims upon the funds used to pay the premiums as proceeds of the Ponzi scheme, including, but not limited to, *In re: Rothstein Rosenfeldt Adler PA*, Case No. 09-34791-BKC-RBR (Bkrptcy. S.D. Fla.); *Snyder v. Rothstein, et. al.*, Case No. 09-34791-BKC-RBR (Bkrptcy. S.D. Fla.); *United States of America v. Various Properties Purchased by Or With Or On Behalf of Scott W, Rothstein*, Case No. 09-61780-CIV-ZLOCH/ROSENBAUM; *United States of America v. Scott W. Rothstein*, 09-60331-CR-COHN. In addition, three putative creditors of Rothstein have made a demand upon MassMutual for the return of all premiums paid on the Policy. Accordingly, as tender of premiums, MassMutual seeks to deposit the premiums paid to date into the Registry of the Court.

WHEREFORE, Plaintiff, Massachusetts Mutual Life Insurance Company, prays that this Court enter an order rescinding the Policy, returning MassMutual to the *status quo ante*, awarding MassMutual its costs, and granting MassMutual such other and further relief as this Court deems just and proper.

Dated, this 2nd day of December 2009.

> SHUTTS & BOWEN LLP
> Attorneys for MassMutual
> 201 South Biscayne Boulevard
> 1500 Miami Center
> Miami, Florida 33131
> Telephone: (305) 358-6300
> Telecopier: (305) 381-9982
>
> By: _____
> John E. Meagher
> Florida Bar No. 511099
> Jeffrey M. Landau
> Florida Bar No. 863777

MIADOCS 3940829 3

-4-

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM